IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL O. DARRINGTON,          *
                                *
       Plaintiff,               *
                                *
vs.                             *  CIVIL ACTION NO. 22-00501-JB-B
                                *
TRANS UNION LLC, *et al.*,       *
                                *
       Defendants.              *

## REPORT AND RECOMMENDATION

This action is before the Court on Defendant Trans Union LLC's motion for more definite statement (Doc. 21) and motion to strike amendments to complaint (Doc. 27). Also pending before the Court is Plaintiff Michael O. Darrington's motion to amend his complaint and to withdraw his improperly filed amended complaint against Equifax, Inc. (Doc. 30).[1] Upon consideration of all matters presented, the undersigned **RECOMMENDS,** for the reasons stated herein, that Defendant's motion for more definite statement (Doc. 21) be **GRANTED,** that Defendant's motion to strike (Doc. 27) be **GRANTED in part** and **DENIED in part,** that Plaintiff's motion to withdraw his improperly filed amended complaint (Doc. 30 at 1) be **GRANTED,** and that Plaintiff's motion to amend complaint (Doc. 30) be **DENIED as moot.**

---

[1] The motions have been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

## I.   **BACKGROUND**

Plaintiff Michael O. Darrington ("Darrington"), who is proceeding *pro se*,[2] filed a complaint alleging that Trans Union LLC ("Trans Union") and Equifax, Inc. ("Equifax, Inc.") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (Doc. 1).  Defendant Trans Union filed an answer to Darrington's original complaint on January 17, 2023.  (Doc. 7).  Two days later, Equifax, Inc. filed a motion to dismiss asserting that it was not a proper party because it is not a consumer reporting agency. (Doc. 11).  Equifax, Inc. suggested that Darrington may have intended to sue the consumer reporting agency Equifax Information Services LLC ("Equifax Information Services") instead.  (Id. at 3).  On January 25, 2023, Darrington filed a motion for leave to amend his complaint, apparently for the primary purpose of removing Equifax, Inc. as a Defendant, and naming Equifax Information Services in its place.[3]  (See Docs. 15, 15-1).  The Court granted the motion (Doc. 18), and Darrington's first amended complaint, which names Trans Union and Equifax Information Services as Defendants, was docketed on February 6, 2023.  (Doc. 19).

---

[2] Although Darrington is proceeding *pro se*, he paid the filing fee for this action.  (Doc. 2).

[3] In his motion for leave to amend, Darrington "asked that [the] court grant [him] a motion to amend and re-serve the proper business to address [his] issue."  (Doc. 15).

On February 20, 2023, Trans Union filed a motion for more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (Doc. 21). In the motion, Trans Union argues that the generalized and conclusory allegations in Darrington's first amended complaint are unintelligible and violate Federal Rule of Civil Procedure 8 because they do not provide sufficient notice as to the basis of the claims asserted. (Id. at 1-2). Specifically, Trans Union contends that the first amended complaint does not explain how Trans Union allegedly violated the FCRA and lacks any description of what accounts or inquiries are at issue, what is allegedly inaccurate about how Trans Union reported the accounts or inquiries, or the outcome of Trans Union's investigation into Darrington's alleged disputes. (Id. at 4). Trans Union asserts that the first amended complaint is so vague that it cannot frame a responsive pleading without making assumptions about Darrington's allegations, which it is not required to do. (Id.). Thus, Trans Union requests that the Court order Darrington to amend his complaint and provide a more definite statement as to the basis of his claims. (Id.).

The Court ordered Darrington to file a response to Trans Union's motion for more definite statement. (Doc. 22). On February 27, 2023, Darrington filed an untitled document that was in the form of a complaint and named only Trans Union as a Defendant. (Doc. 23). Although it was in complaint form,

Darrington's filing was docketed as a response to Trans Union's motion for more definite statement. (See Doc. 23, docket text).[4] Then, on March 8, 2023, Darrington added to the confusion by filing a purported "Amended complaint"[5] that named only Equifax, Inc. as a Defendant, despite having previously amended his complaint for the purpose of removing Equifax, Inc. as a Defendant and naming the proper Equifax entity in its place. (Doc. 24).

On March 21, 2023, Trans Union filed a motion to strike Darrington's February 27, 2023 and March 8, 2023 filings (i.e., Docs. 23 and 24). (Doc. 27). In the motion to strike, Trans Union asserts that Darrington was required to obtain the consent of the other parties or leave of Court before again amending his complaint, and that he was not permitted to amend his complaint for a second (or third) time in response to a motion for more definite statement. (Id. at 2-3). Trans Union further argues that the purported amendments fail to cure the pleading deficiencies in Darrington's operative first amended complaint that were addressed in its motion for more definite statement.

---

[4] On March 21, 2023, Darrington filed a motion requesting a default judgment against Trans Union "for not making timely response to complaint." (Doc. 25). However, on March 27, 2023, Darrington moved to withdraw the motion for default judgment (Doc. 30 at 1), and his motion to withdraw the motion for default judgment was granted by the Chief District Judge the following day. (Doc. 32).

[5] Unless otherwise indicated by brackets, quoted language from Darrington's filings is reproduced herein without modification or correction for typographical, grammar, or spelling errors.

(Id. at 3-5). Thus, Trans Union asks the Court to either strike the purported amended complaints, or to disregard them and proceed to rule on its motion for more definite statement. (Id. at 5).

Also on March 21, 2023, Equifax Information Services filed a motion to dismiss Darrington's first amended complaint pursuant to Rules 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 26). In the motion, Equifax Information Services asserts that it is entitled to dismissal based on insufficient process and insufficient service of process. (Id. at 3-5). Equifax Information Services further argues that the first amended complaint, even when liberally construed, fails to state a claim upon which relief can be granted. (Id. at 5-9).[6]

On March 27, 2023, Darrington filed a response to Trans Union's motion to strike, along with a motion "To Withdraw Amended Complaint ([Doc.] 24) and Motion to Amend Complaint With Attached Proposed Amended compliant." (Docs. 30, 31). In his response to the motion to strike, Darrington states that he "misunderstood the procedure in regards to the 'Definite Statement and Memorandum in Support'" and "was under the impression that the 'Amended Complaint' that I submitted on 02/27/2023 CM.ECF 23 was appropriate to suffice as my 'Definite Statement and Memorandum Support'." (Doc. 31 at 1). Darrington asks that the Court grant him the

---

[6] Equifax Information Services' motion to dismiss (Doc. 26) has been referred to the Chief District Judge for disposition.

"favor to dismiss" Trans Union's motion to strike, and "enter an order requesting [Trans Union] to answer with a response to my Amended Complaint filed on 02/27/2023 CM.ECF23 as my 'Definite Statement and Memorandum in Support'." (Id.).

Although titled as a motion, the body of Darrington's motion "To Withdraw Amended Complaint ([Doc.] 24) and Motion to Amend Complaint With Attached Proposed Amended compliant" consists solely of a proposed amended complaint and exhibits thereto. (See Doc. 30).

## II. STANDARDS OF REVIEW

### A. Rule 12(e).

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Id.

"[M]otions for more definite statement are disfavored and are confined to such narrow circumstances as 'shotgun pleadings' or unintelligible pleadings, not pleadings that are merely less detailed than a defendant might like." Austin v. Auto Owners Ins. Co., 2012 U.S. Dist. LEXIS 105862, at *20, 2012 WL 3101693, at *5 (S.D. Ala. July 30, 2012). "A motion for more definite statement

is not a substitute for discovery." <u>Fathom Expl., LLC v.</u>
<u>Unidentified Shipwrecked Vessel or Vessels</u>, 352 F. Supp. 2d 1218,
1221-22 (S.D. Ala. 2005). Thus, a motion for a more definite
statement should only be granted "when the pleading is so vague or
ambiguous that the opposing party cannot respond, even with a
simple denial, in good faith or without prejudice to himself."
<u>Id.</u> at 1221 (quoting <u>Campbell v. Miller</u>, 836 F. Supp. 827, 832
(M.D. Fla. 1993)).

**B. Rules 8 and 10.**

Federal Rule of Civil Procedure 8(a)(2) provides that a
complaint must contain "a short and plain statement of the claim
showing that the pleader is entitled to relief."[7] Fed. R. Civ. P.
8(a)(2). The purpose of the rule is to "give the defendant fair
notice of what the . . . claim is and the grounds upon which it

---

[7] In order to state a claim on which relief may be granted, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> To show a defendant is liable for the misconduct, a plaintiff is required to include factual allegations for each essential element of his claim. <u>Randall v. Scott</u>, 610 F.3d 701, 708 n.2 (11th Cir. 2010). Although a complaint does not need detailed factual allegations, it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 557). A court must accept a plaintiff's well-pleaded factual allegations as true; however, the court is not required to accept a plaintiff's legal conclusions. <u>Id.</u>

rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quotation omitted). Moreover, each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Rule 10(b) further provides that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." <u>Id.</u>

A complaint will typically satisfy the pleading requirements set forth in Rules 8 and 10 as long as it "gives each defendant fair notice of what the plaintiff is claiming and the factual grounds for each claim." <u>Harvick v. Oak Hammock Preserve Community Owners Assn., Inc.</u>, 2015 U.S. Dist. LEXIS 18765, at *5, 2015 WL 12819998, at *1 (M.D. Fla. July 22, 2015). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" <u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has roughly identified four broad categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) those that are "replete with conclusory, vague, and immaterial facts not

obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." See id. at 1321-23. Although there are different types of shotgun pleadings, their "unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

C. *Pro Se* Litigation.

Courts must liberally construe *pro se* pleadings and hold them to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, a court cannot act as counsel for a *pro se* litigant or rewrite an otherwise deficient pleading in order to sustain an action. Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). Furthermore, *pro se* litigants are still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

## III. **DISCUSSION**

As an initial matter, the Court notes that Darrington has unnecessarily created a procedural morass in this case through his confusing and improper filings. After being ordered to file a response to Trans Union's motion for more definite statement, Darrington instead filed two separate documents against two separate entities that were in the form of additional amended complaints. (See Docs. 23, 24). After Trans Union moved to strike these filings, Darrington filed a response to the motion to strike. (Doc. 31). In the response, Darrington acknowledged that the Court "still has to make a ruling on the pending [motion for more definite statement,]" but he then confused matters by asking the Court to order Trans Union to respond to his "Amended Complaint filed on 02/27/2023 CM.ECF 23 as my 'Definite Statement and Memorandum in Support'." (Id. at 1). However, at the same time, Darrington filed a separate motion requesting to withdraw his purported amended complaint against Equifax, Inc. (Doc. 24) and seeking to file a *new* amended complaint naming both Trans Union and Equifax Information Services as Defendants. (Doc. 30).

As evidenced by his recent motion to amend, Darrington clearly seeks to name both Trans Union and Equifax Information Services as Defendants in this action. (See Docs. 19, 30). Because Darrington is attempting to sue both Trans Union and Equifax Information Services, and despite his apparent confusion as to the nature of

his filings, the Court construes Darrington's untitled February 27, 2023 filing (Doc. 23), which was directed at Trans Union only, as an attempt to respond to Trans Union's motion for more definite statement rather than an unauthorized amended complaint.

In light of this interpretation, and because Darrington has voluntarily moved to withdraw the subsequent "Amended complaint" against Equifax, Inc. (Doc. 24), the undersigned recommends that Trans Union's motion to strike (Doc. 27) be denied to the extent it asks the Court to strike Docs. 23 and 24 from the record. However, the undersigned recommends that Trans Union's motion (Doc. 27) be granted to the extent it asks the Court to rule on its motion for more definite statement based on the allegations in the operative first amended complaint (Doc. 19) rather than those set forth in the February 27, 2023 filing (Doc. 23).

Turning to the motion for more definite statement (Doc. 21), the Court notes at the outset that Trans Union filed an answer to Darrington's original complaint, which is very similar in substance to and contains no more detail than the operative first amended complaint. Courts have found "that a defendant's answer to an original complaint is evidence that the [a]mended [c]omplaint is not so vague and ambiguous that a defendant cannot reasonably prepare an answer." Satterfeal v. LoanCare, LLC, 2019 U.S. Dist. LEXIS 191462, at *5, 2019 WL 5704929, at *2 (M.D. La. Nov. 5, 2019); see, e.g., Downing v. Midland Funding, LLC, 2016 U.S. Dist.

LEXIS 3484, at *6, 2016 WL 125861, at *2 (N.D. Ala. Jan. 12, 2016)
("While not conclusive, the filing of the Answer to the initial
Complaint tends to persuade the court that Defendant understood
Plaintiff's allegations and therefore 'did not [then] move for a
more definite statement under [Rule] 12(e) or otherwise assert
[any] difficulty knowing what [was] alleged . . . and why [it was]
liable . . . .'") (quoting Weiland, 792 F.3d at 1324); Smith
Provision Co. v. Viskase Companies Inc., 218 F.R.D. 169, 170 (N.D.
Ill. 2003) ("It is disingenuous for Devro to claim that it cannot
reasonably be required to respond to the amended complaint in the
absence of information that it also lacked at the time it filed
its previous answer.").

However, while it is curious that Trans Union chose to file
an answer to the original complaint but decided to move for a more
definite statement with respect to the substantially similar first
amended complaint, Trans Union "did not waive the ability to move
for a more definite statement [with respect to an amended
complaint] by responding to the original complaint." See
Satterfeal, 2019 U.S. Dist. LEXIS 191462, at *5, 2019 WL 5704929,
at *2 (noting that "Wright & Miller, a leading treatise on issues
of federal procedure explains that 'If an original pleading has
been amended, a party who responded to the initial pleading may
move for a more definite statement of the amended pleading before
serving an amended response'") (quoting § 1378 Motion for a More

Definite Statement—Timeliness, Form of Motion, and Other Matters
of Practice Under Rule 12(e), 5C Fed. Prac. & Proc. Civ. § 1378
(3d ed.)).  Indeed, it is notable that Trans Union responded to
many of the original complaint's allegations by noting that because
of their "vague and generalized nature," Trans Union was "without
knowledge or information sufficient to form a belief" as to their
truth.  (See Doc. 7 at 2-3).  Thus, although the Court has
considered the fact that Trans Union filed an answer to the
original complaint, the undersigned does not find this alone to be
a sufficient reason to deny the instant motion for more definite
statement, particularly given the glaring deficiencies in
Darrington's pleadings, which are outlined below.

Indeed, having reviewed both Darrington's first amended
complaint (Doc. 19) and his proposed second amended complaint (Doc.
30), the Court finds that both are impermissible shotgun pleadings
that fail to provide adequate notice of the claims he is making
against the Defendants and fail to provide an intelligible
explanation of the basis for those claims.

As best the Court can discern, the only potentially relevant
*factual* allegations in Darrington's first amended complaint are as
follows:

> "On October 8, 2022 upon checking my credit report I've
> notice some unauthorized inquiries on my account.  I've
> sent letters and complaints out to Equifax and
> TransUnion LLC informing them that this is a violation
> of my consumer privacy and violates the [FCRA]."

"After the dispute Equifax Information Services LLC and Transunion LLC sends me generated letters stating that everything is factual. I then asked for the requirements of their due diligence in which they do not provide but only states its factual again and again."

"I called Transunion LLC and Equifax Information Services LLC to speak to the representatives about their misconduct but they only tell me I have to wait two years to get the inquiries removed or speak with the creditor for them to remove an account despite the FCRA laws I provide they are violating."

"Equifax Information Services LLC and TransUnion LLC infringed on my privacy by providing a consumer report that list my consumer transaction to third party companies without my written instructions . . . . In my CFPB complaint I specially stated that the accounts/ items were unauthorized so they were aware of the violation and continued to share the inaccurate information with third party companie."

"[T]hese Inquires and accounts are adverse items on my credit report because I have been denied opportunity to get credit for my business (Exhibit 3).[8] This was for a business but this denial was based off my personal report, in other words my personal credit worthiness, credit standing, character was the determining factor which could've been avoided if proper due diligence was done."

"The CRA Defendants reported inquiries that were not authorized or initiated by Plaintiff."

"The inaccurate information harms Plaintiff's credit reputation because it does not accurately depict Plaintiff's credit history or creditworthiness, or both. I have disputed with Equifax and Transunion concerning this matter through the CFPB and they continue to violate the Law by not correcting what is wrong."

---

[8] Darrington's first amended complaint references "Exhibit 2" and "Exhibit 3," but no exhibits are attached to the pleading. (See Doc. 19).

"TransUnion LLC or Equifax Information Services LLC did not do their proper due diligence concerning disputed matters and did not provide proof when asked."

(See Doc. 19 at 1-4).

Darrington's pleadings are almost entirely devoid of factual context and are so vague, generalized, and fundamentally unintelligible that they do not provide adequate notice or explanation of what Defendants are alleged to have done or why they are liable for doing it. For example, (i) Darrington does not identify what inquiries or accounts were allegedly inaccurate, unauthorized, or not initiated by him; (ii) he does not identify what information allegedly shared by Defendants with third party companies was inaccurate, nor does he identify the third party companies; (iii) he does not explain or provide any facts supporting his contention that certain inquiries, accounts, reports, or other information were inaccurate or unauthorized; (iv) he does not explain or provide any facts supporting his contention that certain "information . . . does not accurately depict [his] credit history or trustworthiness, or both";[9] and (v)

---

[9] As Trans Union accurately notes, Darrington "does not provide an intelligible explanation as to why he believes his inquiries should be removed from his credit file or what he is claiming is inaccurate about any credit account(s) on his file." (See Doc. 27 at 4 n.3).

he does not allege sufficient facts to plausibly show that he suffered damages caused by the Defendants.[10]

Darrington's pleadings fall into the second shotgun pleading category because they are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." See Weiland, 792 F.3d at 1322. Instead of setting out a "short and plain statement" of each claim he seeks to make and briefly stating the facts necessary to support his claims, Darrington devotes large portions of his pleadings to immaterial discussions about the credit reporting system and the FCRA in general. Darrington's pleadings are rife with irrelevant legal discussion and legal citations, which are inappropriate in a complaint and only create confusion. See, e.g., Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013) ("The complaint contains whole paragraphs of legal argument, quotations, and citations which have no place in a complaint.").

---

[10] The Court notes that Darrington attaches several exhibits to his proposed amended complaint, and it appears he may be attempting to rely on those exhibits to provide factual context or a factual basis for his otherwise vague, generalized, and conclusory allegations. (See Doc. 30). However, this type of pleading by general reference to exhibits is improper because it is inconsistent with the requirement that a complaint contain "a short and plain statement" of the claim. See Fed. R. Civ. P. 8(a)(2). Neither the Court nor the Defendants are required to examine the documents attached by Darrington in an effort to somehow divine how they support or are relevant to his claims.

To the extent Darrington is asserting more than one claim for relief or cause of action, he violates Rule 10(b) by not separating each claim that he seeks to raise into a different count. Indeed, Darrington's pleadings do not include any specifically identified causes of action at all. Rather, his allegations are separated into "Facts" and "Requests for Relief," making it difficult to discern precisely what causes of action or legal claims he is asserting. To the extent Darrington is asserting more than one cause of action, his pleadings fall into the third shotgun pleading category because he does not separate "into a different count each cause of action or claim for relief." Weiland, 792 F.3d at 1323.

Additionally, Darrington names two separate companies as Defendants, but his pleadings fail to make any meaningful distinction between the acts and omissions of Trans Union and those of Equifax Information Services.[11] Because Darrington's pleadings assert "claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions," they also fall into the fourth shotgun pleading category. See id.

In sum, Darrington's allegations, as drafted, make it virtually impossible to ascertain the factual grounds for his

---

[11] The Court notes that Darrington's proposed amended complaint refers repeatedly to "Defendant" without clarifying which Defendant is being referenced. (See Doc. 30).

causes of action or claims for relief, which are themselves not clearly identified. After reading multiple iterations of Darrington's complaints or intended complaints, the Court is still unable to discern with even a minimal degree of specificity what the Defendants are alleged to have done or why Darrington claims that their actions violated the FCRA. Darrington's generalized allegations fall far short of creating a reasonable inference that Defendants are liable for the vaguely asserted "misconduct" referenced in his complaints. Thus, the Court agrees with Trans Union that Darrington's pleadings are so vague and ambiguous that Defendants cannot respond to them in good faith without making assumptions that may or may not be warranted.

Accordingly, the undersigned recommends that Trans Union's motion for more definite statement (Doc. 21) be granted, and that Darrington be granted leave to file a second amended complaint that complies with the Federal Rules of Civil Procedure and provides fair notice of each claim he is asserting against each Defendant and the factual basis for each such claim. The second amended complaint must comply with Rules 8 and 10 by providing fair notice of what Darrington is claiming and presenting each of his claims for relief with sufficient clarity to permit Defendants

and the Court to discern the factual basis for each claim raised against each Defendant.[12]

In light of the foregoing recommendation, the undersigned recommends that Darrington's motion to amend complaint (Doc. 30) be **DENIED as moot.**[13]  However, the undersigned recommends that Darrington's motion to withdraw his improperly filed amended complaint (Doc. 24) against Equifax, Inc. be **GRANTED.**

## IV. CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** that Trans Union's motion for more definite statement (Doc. 21) be **GRANTED,** and that Darrington be granted leave to file a second amended complaint.

The undersigned also **RECOMMENDS** that Trans Union's motion to strike (Doc. 27) be **GRANTED in part** and **DENIED in part,** as set out above.

---

[12] Darrington is cautioned that he should not assume that he will be granted further opportunities to amend his pleading.  If, after being granted leave to file a second amended complaint, Darrington files a second amended complaint that fails to correct the pleading deficiencies noted in this report, the undersigned will recommend that this action be dismissed.

[13] The Court reiterates that the proposed amended complaint contained in Darrington's motion to amend (Doc. 30) does nothing to remedy the deficiencies in his operative first amended complaint, as outlined in this report.  Therefore, the Court hereby warns Darrington, out of an abundance of caution, that if he attempts to file the proposed amended complaint contained in Doc. 30 as his second amended complaint, this action will be subject to dismissal.

The undersigned further **RECOMMENDS** that Darrington's motion to amend complaint (Doc. 30) be **DENIED as moot;** and that Darrington's motion to withdraw his improperly filed amended complaint (Doc. 24) against Equifax, Inc. (Doc. 30 at 1) be **GRANTED**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made,

state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this **4th** day of **April, 2023.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
