IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL O. DARRINGTON, II,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )  CIVIL ACTION NO. 22-00501-JB-B |
| **TRANS UNION, LLC, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### ORDER

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge made under 28 U.S.C. § 636(b)(1) and dated April 4, 2023 (Doc. 33) and Defendant Equifax Information Services LLC's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(4), 12(b)(5), and 12(b)(6) (Doc. 26). In light of the number of filings in this action, and given that Plaintiff is *pro se*, the undersigned will address these matters together.

First, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1) and dated April 4, 2023 (Doc. 33) is **ADOPTED** as the opinion of this Court. It is **ORDERED** that Defendant Trans Union LLC's Motion for More Definite Statement (Doc. 21) be **GRANTED**; that Defendant Trans Union LLC's Motion to Strike (Doc. 27) be **GRANTED in part** and **DENIED in part**, as set out in the R&R; that Plaintiff Michael O. Darrington's Motion to Amend Complaint (Doc. 30) be **DENIED as moot**; and that Plaintiff's Motion to Withdraw his Amended Complaint against Equifax, Inc. (Doc. 30 at 1) be **GRANTED**.

Second, for the reasons set forth herein below, Defendant Equifax Information Services LLC's motion to dismiss (Doc. 26) is **DENIED without prejudice**.  As discussed in the R&R, the record indicates that Plaintiff's complaint named Trans Union LLC and Equifax, Inc. as defendants. (Doc. 1).  However, following Equifax, Inc.'s motion to dismiss suggesting that Plaintiff likely intended to sue Equifax Information Services LLC, Plaintiff filed a motion for leave to amend his complaint for the primary purpose of naming Equifax Information Services LLC.  (Doc. 15).  This Court granted Plaintiff's motion by written order that specifically stated: "Plaintiff is **ORDERED** to serve Equifax Information Services LLC pursuant to Rule 4 of the Federal Rules of Civil Procedure." (Doc. 18).  Thereafter, Plaintiff failed to obtain a summons directed to Equifax Information Services LLC, prompting the instant motion to dismiss to be filed amid the numerous other filings addressed by the R&R.

Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure permit dismissal of an action for "insufficient process" and "insufficient service of process".  *See* Fed. R. Civ. P. 12(b)(4)-(5).  A motion under Rule 12(b)(4) is appropriate "where the summons is defective."  *Mortensen v. Mortg. Elecs. Registration Sys., Inc.*, 2010 WL 3339492, at *1 (S.D. Ala. Aug. 3, 2010).  A Rule 12(b)(5) motion challenging sufficiency of service "'must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized.'" *Moore v. McCalla Raymer, LLC*, 916 F.Supp.2d 1332, 1339 (N.D. Ga. Jan. 2, 2013) (quoting *Binns v. City of Marietta Hous. Auth.*, 2007 WL 2746695, at *2 (N.D. Ga. Sept. 18, 2007)).

In general, for sufficient process, a "summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1).  Federal Rule of Civil Procedure 4(b) states:

> On or after filing the complaint, the plaintiff may present the summons to the clerk for signature and seal.  If the summons is properly completed, the clerk must sign,

> seal, and issue it to the plaintiff for service on the defendant. A summons . . . must be issued for each defendant to be served.

Fed. R. Civ. P. 4(b). Under Federal Rule of Civil Procedure 4(a), a "summons must[,]" among other things, "be directed to the defendant[.]" Fed. R. Civ. P. 4(a)(1)(B).

According to Equifax Information Services, and as confirmed by the record, Plaintiff did not obtain a summons directed to Equifax Information Services LLC. Rather, it appears Plaintiff instead mailed a copy of the first amended complaint to Equifax Information Services LLC. (*See* Doc. 26-1). Additionally, Plaintiff did not file a response to Equifax Information Services LLC's motion to dismiss or otherwise argue that service was performed pursuant to Rule 4 of the Federal Rules of Civil Procedure as this Court ordered. (*See* Doc. 18). Thus, Plaintiff has failed to properly serve Equifax Information Services LLC with a summons and complaint in accordance with the requirements of Rule 4.

Under Federal Rule of Civil Procedure 4(m), Plaintiff has ninety days from the date the first amended complaint was filed to effect service of process on Equifax Information Services LLC. *See Lindley v. City of Birmingham, Ala.*, 452 F. App'x 878, 880 (11th Cir. 2011) (per curiam) ("[W]hen an amended complaint names a new defendant, a plaintiff has [90] days from the date on which the amended complaint is filed to serve that defendant with process."). The first amended complaint, which added Equifax Information Services LLC as a defendant, was filed on February 6, 2023. (Doc. 19). Thus, the Court calculates the deadline for Plaintiff to effect service on Equifax Information Services LLC to be on or about May 8, 2023, which means the time for Plaintiff to serve Equifax Information Services LLC has not yet expired.

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action

without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). In the instant action, rather than dismiss this action without prejudice against Equifax Information Services LLC, especially in light of adoption of the R&R which permits Plaintiff to file an amended complaint, and the fact that the time for Plaintiff to serve Equifax Information Services LLC has not yet expired, the Court finds the more appropriate course of action is order that service be made within a specified time. *See* Fed. R. Civ. P. 4(m). As such, Defendant's motion (Doc. 26) is denied without prejudice. [1]

Accordingly, Plaintiff is **ORDERED** to file an amended complaint as set forth in the R&R **by no later than May 29, 2023**. Plaintiff is additionally **ORDERED** to properly serve Defendant Equifax Information Services LLC **by no later than June 29, 2023**. Finally, Plaintiff is warned that his failure to follow the specific instructions set forth in this Order and in the R&R will subject this action to dismissal.

**DONE and ORDERED** this 1st day of May, 2023.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court need not address the remaining grounds for dismissal asserted by Equifax Information Services LLC given that the Court is permitting Plaintiff an opportunity to file another amended complaint to cure the alleged deficiencies raised by the parties.